The Honorable Audrey Langworthy State Senator, 7th District State Capitol, Room 143-N Topeka, Kansas 66612-1504
Dear Senator Langworthy:
You request our opinion regarding allocation and distribution of motor vehicle tax receipts that are attributable to the statewide levy for school finance and the levy proposed in 1994 house bill no. 2567 (H.B. 2567) for the funding of community colleges. Apparently concern has been expressed that because the Shawnee county district court concluded the 32, 33, and 35 mill levy prescribed in K.S.A. 72-6431 of the school district finance and quality performance act constituted a state property tax, the provisions of K.S.A. 1993 Supp. 79-5109 would require the amount of the motor vehicle tax which is based on the 32, 33, or 35 mill levy to be allocated and credited to the state instead of being allocated and distributed directly to the school districts.
K.S.A. 1993 Supp. 79-5105 establishes the formula for computing the motor vehicle tax. Part of the formula requires the use of the "county average tax rate." The "county average tax rate" is defined in K.S.A. 1993 Supp. 79-5105(c) as "the total amount of general property taxes levied within the county by the state, county and all other taxing subdivisions levying such taxes within such county" in a particular prior year "divided by the total assessed tangible valuation of property within such county as of November 1 of such" year. Thus the property tax mill levy established pursuant to K.S.A. 72-6431(b), as amended by 1994 senate bill no. 462, is considered in the computation of the motor vehicle tax. Motor vehicle taxes are to be allocated and distributed according to K.S.A. 1993 Supp. 79-5109 which provides in part:
 "(a) All moneys received from taxes levied upon motor vehicles under the provisions of K.S.A. 79-5101 to 79-5115, inclusive, and amendments thereto shall be allocated to the tax levy unit in which the tax situs of each motor vehicle is located. The term `tax levy unit' means an area within a county the tangible property of which is subject to the same total tax levies, levied by the same taxing subdivisions of the state. Moneys allocated to such tax levy units shall be distributed among the state and all taxing subdivisions levying taxes against tangible property within such unit in the proportion prescribed by K.S.A. 79-5111 and amendments thereto for estimating the amounts thereof for budgeting." Emphasis added.
K.S.A. 79-5111 provides in pertinent part:
 "For the purpose of preparing budgets, the county treasurer of each county shall estimate the amount of money the state, county and each taxing subdivision in the county will receive during the ensuing budget year from taxes levied under the provisions of K.S.A. 79-5101 et seq. The amount estimated to be received by the state, county and each taxing subdivision shall be that portion of the total amount estimated to be received by the state, county and all taxing subdivisions which is equal to the proportion which the general ad valorem property tax levies of the state, county and each taxing subdivision in the county bear to the sum of all such tax levies of the state, county and all taxing subdivisions in the county made in the preceding year for expenditure in the current year. . . ." Emphasis added.
Thus, the state is to receive a portion of the motor vehicle tax equal to the proportion its levy bears to the total levy. This requires a determination of which taxes are actually levied by the state.
K.S.A. 1993 Supp. 79-5109(b) then provides:
 "The county treasurer shall remit all moneys allocated and credited to the state from the proceeds of taxes levied upon motor vehicles to the state treasurer as provided in this subsection. The county treasurer . . . shall distribute to the state treasurer all such taxes allocated and credited to the state from the proceeds of taxes collected. . . . Upon receipt of such moneys, the state treasurer shall deposit the same in the state treasury and shall credit 2/3 of each such deposit to the Kansas educational building fund and 1/3 of each such deposit to the state institutions building fund. . . ."
The tax imposed pursuant to K.S.A. 72-6431 has been held to be a state property tax. Newton U.S.D. No. 373, et al. v. State of Kansas, case no. 90 CV 2406 (D. Shawnee, 1993). See also Attorney General Opinion No. 91-147. The tax is used to defray some of the current expenses of the state in providing suitable finance for the elementary and secondary educational interests of the state. See Kan. Const., art. 6, sec. 6 and art. 11, sec. 4. However, the tax is not levied directly by the state.Compare K.S.A. 76-6b01 and K.S.A. 1993 Supp. 76-6b04 where the statutes specify a state levy for state institutions of higher education and state institutions caring for certain persons. Rather, pursuant to K.S.A.72-6431(a), as amended, the authority and responsibility for actually levying the tax is delegated to the board of education of each unified school district. Thus, in accordance with K.S.A. 1993 Supp. 79-5109 and K.S.A. 79-5111, motor vehicle taxes attributable to the tax imposed by K.S.A. 72-6431 must be allocated and distributed to the individual boards of education which actually levy the tax.
You also inquire whether the property tax proposed by section 21 of H.B. 2567 would be a state property tax subject to the limitations of article 11, section 4 of the Kansas constitution, and making the portion of the motor vehicle tax attributable to that levy subject to distribution to the state for deposit in the state institutions building fund and Kansas educational building fund pursuant to K.S.A. 1993 Supp.79-5109. 1994 H.B. 2567, section 21, requires the board of county commissioners of each county to levy a property tax of 1.5 mills for the benefit of the community colleges in this state. In counties where there is no community college, the county is to forward the proceeds of this tax to the state for deposit "in the state treasury to the credit of the state community college finance fund to be appropriated by the legislature as needed for financing the operation of community colleges." In counties where there is a community college, the tax proceeds are to be paid directly to the treasurer of the community college.
In Attorney General Opinion No. 91-147 this office concluded that a state required mill levy of a specific amount, the proceeds of which would in part be recaptured by the state to benefit taxing districts other than the one which collected the tax, is a state tax. The amount of the tax proposed by 1994 H.B. 2567 would be set by the statute and part of it would be recaptured by the state for the benefit of counties other than the ones which collected the tax. We therefore conclude that the tax proposed by 1994 H.B. 2567 is a state tax which would be subject to the limitations in article 11, section 4 of the Kansas constitution.See Attorney General Opinion No. 91-142. However, as the tax is to be levied by each county, the portion of the motor vehicle tax attributable to the levy must be allocated and distributed to the levying county pursuant to K.S.A. 1993 Supp. 79-5109 and K.S.A. 79-5111.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm